■ In the Matter of Leo Brenner, Respondent, v. Thomas F. McCoy, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court of Kings County at Special Term, entered February 5, 1973, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Administrative Board of the Judicial Conference classifying petitioner as Court Clerk II and directed that he be reclassified as Court Clerk III as of July 1, 1966. The appeal has been transferred to the Appellate Division, Third Department, pursuant to CPLR 5711. On a prior appeal of this proceeding (37 A D 2d 1007) a majority of this court remanded the matter to Special Term for further findings concerning petitioner's duties and a comparison and analysis between such duties and those of Court Clerk

II and Court Clerk III. After an extensive hearing, Special Term outlined petitioner's duties, compared them with the specifications of the two titles and determined that there was no rational basis for evaluating his position as anything except Court Clerk III. This determination is well supported by the record. We find no merit in appellant's argument that a rational basis for classification as Court Clerk II can be found in light of the staffing pattern of Kings County Supreme Court. Appellant's claim that petitioner's duties before the court reorganization fell within those of Court Clerk II and any duties he performed of a higher nature were out-of-title, is conclusively refuted by the present record. Nor is there any merit to appellant's contention that the subsequent classification of his position to Court Clerk III is not relevant to the propriety of the original classification as Court Clerk II. The record reveals that after petitioner was elevated to Court Clerk III, his duties were no different than they had been while he was a Court Clerk II. Under these circumstances, a subsequent reclassification to Court Clerk III constituted an admission that the prior duties conformed to the new classification. (See *Matter of Roistacher* v. *McCoy*, 32 N Y 2d 479.) Judgment affirmed, with costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.